**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**
**GREEN BAY DIVISION**

| | |
|---|---|
| AMANDA C. DOTY, CATHERINE A. KREGER, THOMAS L. RIEHLE, PAUL R. NEUBERT, KELLY B. BETOW, BRUCE M. LONG, GEORGE J. ZETTLER, KAREN K. ZETTLER, MICHAEL J. ROSENBERG AND BRENDA J. CHAMBERS on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> *vs.* <br><br> REV-1 SOLUTIONS, LLC, an Indiana Limited Liability Corporation; and, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No.: _____ |

**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

**I. PRELIMINARY STATEMENT**

1.     Plaintiffs, AMANDA C. DOTY, CATHERINE A. KREGER, THOMAS L.

RIEHLE, PAUL R. NEUBERT, KELLY B. BETOW, BRUCE M. LONG, GEORGE J.

ZETTLER, KAREN K. ZETTLER, MICHAEL J. ROSENBERG, AND BRENDA J.

CHAMBERS on their own behalf and on behalf of the class they seek to represent, bring this

action for the illegal practices of Defendant, REV-1 SOLUTIONS, LLC ("REV-1"), who, *inter*

*alia*, used false, deceptive, and misleading practices, and other illegal practices, in connection

with its attempts to collect alleged debts from Plaintiffs and other similarly situated consumers.

2.     Plaintiffs allege that REV-1's collection practices violate the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

3.     Such collection practices include, *inter alia*, failing to identify the name of the creditor to whom certain alleged debts of Plaintiffs are owed.

4.     The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a)-(e).

5.     The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of one violation. The Seventh Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "unsophisticated debtor." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994).

6.     To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection representations, and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among the *per se* violations prohibited by that section are: using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

7.     Furthermore, the FDCPA, at 15 U.S.C. § 1692g, requires that certain information be provided in an initial collection letter. 15 U.S.C. § 1692g(a)-(e). Among the *per se* violations

prohibited by that section are: failing to provide the name of the creditor to whom the debt is owed, 15 U.S.C. § 1692g(a)(2).

8. Plaintiffs, on behalf of themselves and all others similarly situated, seek statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes.

## II. PARTIES

9. DOTY is a natural person.

10. At all times relevant to this lawsuit, DOTY was a citizen of, and resided in, the City of Neenah, Winnebago County, Wisconsin.

11. KREGER is a natural person.

12. At all times relevant to this lawsuit, KREGER was a citizen of, and resided in, the City of Menasha, Winnebago County, Wisconsin.

13. RIEHLE is a natural person.

14. At all times relevant to this lawsuit, RIEHLE was a citizen of, and resided in, the City of Appleton, Outagamie County, Wisconsin.

15. NEUBERT is a natural person.

16. At all times relevant to this lawsuit, NEUBERT was a citizen of, and resided in, the City of Appleton, Outagamie County, Wisconsin.

17. BETOW is a natural person.

18. At all times relevant to this lawsuit, BETOW was a citizen of, and resided in, the City of Appleton, Outagamie County, Wisconsin.

19. LONG is a natural person.

20.     At all times relevant to this lawsuit, LONG was a citizen of, and resided in, the City of Appleton, Outagamie County, Wisconsin.

21.     GEORGE J. ZETTLER is a natural person.

22.     At all times relevant to this lawsuit, GEORGE J. ZETTLER was a citizen of, and resided in, the Town of Menasha, Winnebago County, Wisconsin.

23.     KAREN K. ZETTLER is a natural person.

24.     At all times relevant to this lawsuit, KAREN K. ZETTLER was a citizen of, and resided in, the Town of Menasha, Winnebago County, Wisconsin.

25.     ROSENBERG is a natural person.

26.     At all times relevant to this lawsuit, ROSENBERG was a citizen of, and resided in, the City of Oshkosh, Winnebago County, Wisconsin.

27.      CHAMBERS is a natural person.

28.     At all times relevant to this lawsuit, CHAMBERS was a citizen of, and resided in, the Community of Forest Junction, Calumet County, Wisconsin.

29.     At all times relevant to this complaint, REV-1 is a for-profit corporation existing pursuant to the laws of the State of Indiana.

30.     Plaintiffs are informed and believe, and on that basis allege, that REV-1 maintains its principal business address at 517 US Hwy 31 N, City of Greenwood, Johnson County, Indiana.

31.     REV- Collects, and attempts to collect, defaulted debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using U.S. Mail, telephone, and Internet.

32.     REV-1 is, at all times relevant to this complaint, a "debt collector" as defined by 15 U.S.C. § 1692a(6).

33.     Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiffs. The Plaintiffs will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

34.     Plaintiffs are informed and believe, and on that basis allege, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and/or business entities who reside or are located within the United States and who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with, conspired with, engaged in, and oversaw the violative policies and procedures used by the employees of REV-1 that are the subject of this Complaint. Those Defendants personally control, and are engaged in, the illegal acts, policies, and practices utilized by REV-1 and, therefore, are personally liable for all the wrongdoing alleged herein.

## III.  JURISDICTION & VENUE

35.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

36.     Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiffs' claims occurred within this federal judicial district, and because REV-1 is subject to personal jurisdiction in the State of Wisconsin at the time this action is commenced.

## IV.  FACTS REGARDING PLAINTIFFS

37.     Sometime prior to March 14, 2017, DOTY allegedly incurred and defaulted on a financial obligation (the "Doty Obligation").

38.     The Doty Obligation arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

39.     On or around March 14, 2017, the unknown current creditor of the Doty Obligation either directly or through intermediate transactions assigned, placed, or transferred the debt to REV-1 for collection.

40.     REV-1 contends the Doty Obligation is in default.

41.     The Doty Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

42.     DOTY is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

43.     On or before March 14, 2017, REV-1 mailed DOTY several identical written communications to collect the Doty Obligation. A true and correct copy of one of these letters is attached hereto as *Exhibit A* (the "Doty Letter"), except that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account number in an effort to protect DOTY's privacy.

44.      The Doty Letter was sent, or caused to be sent, by persons employed by REV-1 as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

45.     The Doty Letter was sent to DOTY in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a(5).

46.     The Doty Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

47.     On information and belief, the Doty Letter is a mass-produced, computer-generated, form letter that is printed and mailed by REV-1 to consumers from whom it is attempting to collect a debt.

48.     At the top left of the Doty Letter, it states, "Account of: Amanda Clair Doty."

49.     The second line of the top left section of the Doty Letter states, "Client: Ministry Health Care."

50.     In the first paragraph of the Doty Letter, goes on to state, "This account has been listed with our office for collections."

51.     The Doty Letter fails to identify the name of the creditor to whom the debt is owed.

52.     REV-1's failure to identify the creditor in the Doty Letter leaves the unsophisticated consumer in doubt about to whom the alleged debt is owed and if it is legitimate.

53.     REV-1's failure to identify the creditor is false, deceptive, and misleading in violation of the FDCPA.

54.     Sometime prior to May 16, 2017, KREGER allegedly incurred and defaulted on a financial obligation (the "Kreger Obligation").

55.     The Kreger Obligation arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

56.     On or around May 16, 2017, the unknown current creditor of the Kreger Obligation either directly or through intermediate transactions assigned, placed, or transferred the debt to REV-1 for collection.

57.     REV-1 contends the Kreger Obligation is in default.

58.     The Kreger Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

59.     Kreger is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

60.     On or before May 16, 2017, REV-1 mailed KREGER an initial collection letter. A true and correct copy of that letter is attached hereto as **Exhibit B** (the "Kreger Letter"), except

that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account number in an effort to protect KREGER's privacy.

61.     The Kreger Letter was sent, or caused to be sent, by persons employed by REV-1 as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

62.     The Kreger Letter was sent to KREGER in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a(5).

63.     The Kreger Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

64.     On information and belief, the Kreger Letter is a mass-produced, computer-generated, form letter that is printed and mailed by REV-1 to consumers from whom it is attempting to collect a debt.

65.     At the top left of the Kreger Letter, it states, "Account of: Catherine A. Kreger."

66.     The second line of the top left section of the Kreger Letter states, "Client: Ministry Health Care."

67.     In the first paragraph of the Kreger Letter, goes on to state, "This account has been listed with our office for collections."

68.     The Kreger Letter fails to identify the name of the creditor to whom the debt is owed.

69.     REV-1's failure to identify the creditor in the Kreger Letter leaves the unsophisticated consumer in doubt about to whom the alleged debt is owed and if it is legitimate.

70.     REV-1's failure to identify the creditor is false, deceptive, and misleading in violation of the FDCPA.

71.     Sometime prior to June 5, 2017, Riehle allegedly incurred and defaulted on a financial obligation (the "Riehle Obligation").

72. The Riehle Obligation arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

73. On or around June 5, 2017, the unknown current creditor of the Riehle Obligation either directly or through intermediate transactions assigned, placed, or transferred the debt to REV-1 for collection.

74. REV-1 contends the Riehle Obligation is in default.

75. The Riehle Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

76. Riehle is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

77. On or before June 5, 2017, REV-1 mailed RIEHLE an initial collection letter. A true and correct copy of that letter is attached hereto as *Exhibit C* (the "Riehle Letter"), except that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account number in an effort to protect RIEHLE's privacy.

78. The Riehle Letter was sent, or caused to be sent, by persons employed by REV-1 as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

79. The Riehle Letter was sent to RIEHLE in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a(5).

80. The Riehle Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

81. On information and belief, the Riehle Letter is a mass-produced, computer-generated, form letter that is printed and mailed by REV-1 to consumers from whom it is attempting to collect a debt.

82. At the top left of the Riehle Letter, it states, "Account of: Thomas L. Riehle."

83.     The second line of the top left section of the Riehle Letter states, "Client: Ministry Health Care."

84.     In the first paragraph of the Riehle Letter, goes on to state, "This account has been listed with our office for collections."

85.     The Riehle Letter fails to identify the name of the creditor to whom the debt is owed.

86.     REV-1's failure to identify the creditor in the Riehle Letter leaves the unsophisticated consumer in doubt about to whom the alleged debt is owed and if it is legitimate.

87.     REV-1's failure to identify the creditor is false, deceptive, and misleading in violation of the FDCPA.

88.     Sometime prior to April 10, 2017, Neubert allegedly incurred and defaulted on a financial obligation (the "Neubert Obligation").

89.     The Neubert Obligation arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

90.     On or around April 10, 2017, the unknown current creditor of the Neubert Obligation either directly or through intermediate transactions assigned, placed, or transferred the debt to REV-1 for collection.

91.     REV-1 contends the Neubert Obligation is in default.

92.     The Neubert Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

93.     Neubert is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

94.     On or before April 10, 2017, REV-1 mailed NEUBERT an initial collection letter. A true and correct copy of that letter is attached hereto as *Exhibit D* (the "Neubert Letter"),

except that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account number in an effort to protect NEUBERT's privacy.

95.    The Neubert Letter was sent, or caused to be sent, by persons employed by REV-1 as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

96.    The Neubert Letter was sent to NEUBERT in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a(5).

97.    The Neubert Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

98.    On information and belief, the Neubert Letter is a mass-produced, computer-generated, form letter that is printed and mailed by REV-1 to consumers from whom it is attempting to collect a debt.

99.    At the top left of the Neubert Letter, it states, "Account of: Paul R. Neubert."

100.   The second line of the top left section of the Neubert Letter states, "Client: Ministry Health Care."

101.   In the first paragraph of the Neubert Letter, goes on to state, "This account has been listed with our office for collections."

102.   The Neubert Letter fails to identify the name of the creditor to whom the debt is owed.

103.   REV-1's failure to identify the creditor in the Neubert Letter leaves the unsophisticated consumer in doubt about to whom the alleged debt is owed and if it is legitimate.

104.   REV-1's failure to identify the creditor is false, deceptive, and misleading in violation of the FDCPA.

105.   Sometime prior to March 7, 2017, Betow allegedly incurred and defaulted on a financial obligation (the "Betow Obligation").

106.    The Betow Obligation arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

107.    On or around March 7, 2017, the unknown current creditor of the Betow Obligation either directly or through intermediate transactions assigned, placed, or transferred the debt to REV-1 for collection.

108.    REV-1 contends the Betow Obligation is in default.

109.    The Betow Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

110.    Betow is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

111.    On or before March 7, 2017, REV-1 mailed BETOW an initial collection letter. A true and correct copy of that letter is attached hereto as ***Exhibit E*** (the "Betow Letter"), except that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account number in an effort to protect BETOW's privacy.

112.     The Betow Letter was sent, or caused to be sent, by persons employed by REV-1 as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

113.    The Betow Letter was sent to BETOW in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a(5).

114.    The Betow Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

115.    On information and belief, the Betow Letter is a mass-produced, computer-generated, form letter that is printed and mailed by REV-1 to consumers from whom it is attempting to collect a debt.

116.    At the top left of the Betow Letter, it states, "Account of: Kelly B. Betow."

117.    The second line of the top left section of the Betow Letter states, "Client: Ministry Health Care."

118.    In the first paragraph of the Betow Letter, goes on to state, "This account has been listed with our office for collections."

119.    The Betow Letter fails to identify the name of the creditor to whom the debt is owed.

120.    REV-1's failure to identify the creditor in the Betow Letter leaves the unsophisticated consumer in doubt about to whom the alleged debt is owed and if it is legitimate.

121.    REV-1's failure to identify the creditor is false, deceptive, and misleading in violation of the FDCPA.

122.    Sometime prior to May 22, 2017, Long allegedly incurred and defaulted on a financial obligation (the "Long Obligation").

123.    The Long Obligation arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

124.    On or around May 22, 2017, the unknown current creditor of the Long Obligation either directly or through intermediate transactions assigned, placed, or transferred the debt to REV-1 for collection.

125.    REV-1 contends the Long Obligation is in default.

126.    The Long Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

127.    Long is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

128.    On or before May 22, 2017, REV-1 mailed LONG an initial collection letter. A true and correct copy of that letter is attached hereto as ***Exhibit F*** (the "Long Letter"), except

that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account number in an effort to protect LONG's privacy.

129.    The Long Letter was sent, or caused to be sent, by persons employed by REV-1 as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

130.    The Long Letter was sent to LONG in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a(5).

131.    The Long Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

132.    On information and belief, the Long Letter is a mass-produced, computer-generated, form letter that is printed and mailed by REV-1 to consumers from whom it is attempting to collect a debt.

133.    At the top left of the Long Letter, it states, "Account of: Bruce M. Long."

134.    The second line of the top left section of the Long Letter states, "Client: Ministry Health Care."

135.    In the first paragraph of the Long Letter, goes on to state, "This account has been listed with our office for collections."

136.    The Long Letter fails to identify the name of the creditor to whom the debt is owed.

137.    REV-1's failure to identify the creditor in the Long Letter leaves the unsophisticated consumer in doubt about to whom the alleged debt is owed and if it is legitimate.

138.    REV-1's failure to identify the creditor is false, deceptive, and misleading in violation of the FDCPA.

139.    Sometime prior to May 30, 2017, George J. Zettler allegedly incurred and defaulted on a financial obligation (the "George J. Zettler Obligation").

140.    The George J. Zettler Obligation arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

141.    On or around May 30, 2017, the unknown current creditor of the George J. Zettler Obligation either directly or through intermediate transactions assigned, placed, or transferred the debt to REV-1 for collection.

142.    REV-1 contends the George J. Zettler Obligation is in default.

143.    The George J. Zettler Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

144.    George J. Zettler is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

145.    On or before May 30, 2017, REV-1 mailed GEORGE J. ZETTLER an initial collection letter. A true and correct copy of that letter is attached hereto as ***Exhibit G*** (the "George J. Zettler Letter"), except that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account number in an effort to protect GEORGE J. ZETTLER's privacy.

146.    The George J. Zettler Letter was sent, or caused to be sent, by persons employed by REV-1 as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

147.    The George J. Zettler Letter was sent to GEORGE J. ZETTLER in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a(5).

148.    The George J. Zettler Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

149.    On information and belief, the George J. Zettler Letter is a mass-produced, computer-generated, form letter that is printed and mailed by REV-1 to consumers from whom it is attempting to collect a debt.

150.    At the top left of the George J. Zettler Letter, it states, "Account of: George J. Zettler."

151.    The second line of the top left section of the George J. Zettler Letter states, "Client: Ministry Health Care."

152.    In the first paragraph of the George J. Zettler Letter, goes on to state, "This account has been listed with our office for collections."

153.    The George J. Zettler Letter fails to identify the name of the creditor to whom the debt is owed.

154.    REV-1's failure to identify the creditor in the George J. Zettler Letter leaves the unsophisticated consumer in doubt about to whom the alleged debt is owed and if it is legitimate.

155.    REV-1's failure to identify the creditor is false, deceptive, and misleading in violation of the FDCPA.

156.    Sometime prior to May 30, 2017, Karen K. Zettler allegedly incurred and defaulted on a financial obligation (the "Karen K. Zettler Obligation").

157.    The Karen K. Zettler Obligation arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

158.    On or around May 30, 2017, the unknown current creditor of the Karen K. Zettler Obligation either directly or through intermediate transactions assigned, placed, or transferred the debt to REV-1 for collection.

159.    REV-1 contends the Karen K. Zettler Obligation is in default.

160.    The Karen K. Zettler Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

161.    Karen K. Zettler is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

162.     On or before May 30, 2017, REV-1 mailed KAREN K. ZETTLER an initial collection letter. A true and correct copy of that letter is attached hereto as ***Exhibit H*** (the "Karen K. Zettler Letter"), except that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account number in an effort to protect KAREN K. ZETTLER's privacy.

163.      The Karen K. Zettler Letter was sent, or caused to be sent, by persons employed by REV-1 as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

164.     The Karen K. Zettler Letter was sent to KAREN K. ZETTLER in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a(5).

165.     The Karen K. Zettler Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

166.     On information and belief, the Karen K. Zettler Letter is a mass-produced, computer-generated, form letter that is printed and mailed by REV-1 to consumers from whom it is attempting to collect a debt.

167.     At the top left of the Karen K. Zettler Letter, it states, "Account of: Karen K. Zettler."

168.     The second line of the top left section of the Karen K. Zettler Letter states, "Client: Ministry Health Care."

169.     In the first paragraph of the Karen K. Zettler Letter, goes on to state, "This account has been listed with our office for collections."

170.     The Karen K. Zettler Letter fails to identify the name of the creditor to whom the debt is owed.

171.     REV-1's failure to identify the creditor in the Karen K. Zettler Letter leaves the unsophisticated consumer in doubt about to whom the alleged debt is owed and if it is legitimate.

172.     REV-1's failure to identify the creditor is false, deceptive, and misleading in violation of the FDCPA.

173.     Sometime prior to June 19, 2017, Rosenberg allegedly incurred and defaulted on a financial obligation (the "Rosenberg Obligation").

174.     The Rosenberg Obligation arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

175.     On or around June 19, 2017, the unknown current creditor of the Rosenberg Obligation either directly or through intermediate transactions assigned, placed, or transferred the debt to REV-1 for collection.

176.     REV-1 contends the Rosenberg Obligation is in default.

177.     The Rosenberg Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

178.     Rosenberg is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

179.     On or before June 19, 2017, REV-1 mailed ROSENBERG an initial collection letter. A true and correct copy of that letter is attached hereto as ***Exhibit I*** (the "Rosenberg Letter"), except that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account number in an effort to protect ROSENBERG's privacy.

180.      The Rosenberg Letter was sent, or caused to be sent, by persons employed by REV-1 as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

181.     The Rosenberg Letter was sent to ROSENBERG in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a(5).

182.     The Rosenberg Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

183.     On information and belief, the Rosenberg Letter is a mass-produced, computer-

generated, form letter that is printed and mailed by REV-1 to consumers from whom it is attempting to collect a debt.

184. At the top left of the Rosenberg Letter, it states, "Account of: Michael J. Rosenberg."

185. The second line of the top left section of the Michael J. Rosenberg Letter states, "Client: Ministry Health Care."

186. In the first paragraph of the Rosenberg Letter, goes on to state, "This account has been listed with our office for collections."

187. The Rosenberg Letter fails to identify the name of the creditor to whom the debt is owed.

188. REV-1's failure to identify the creditor in the Rosenberg Letter leaves the unsophisticated consumer in doubt about to whom the alleged debt is owed and if it is legitimate.

189. REV-1's failure to identify the creditor is false, deceptive, and misleading in violation of the FDCPA.

190. Sometime prior to March 1, 2017, CHAMBERS allegedly incurred and defaulted on a financial obligation (the "Chambers Obligation").

191. The Chambers Obligation arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

192. On or around March 1, 2017, the unknown current creditor of the Chambers Obligation either directly or through intermediate transactions assigned, placed, or transferred the debt to REV-1 for collection.

193. REV-1 contends the Chambers Obligation is in default.

194. The Chambers Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

195.    Chambers is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

196.    On or before May 16, 2017, REV-1 mailed CHAMBERS an initial collection letter. A true and correct copy of that letter is attached hereto as *Exhibit J* (the "Chambers Letter"), except that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account number in an effort to protect CHAMBERS's privacy.

197.    The Chambers Letter was sent, or caused to be sent, by persons employed by REV-1 as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

198.    The Chambers Letter was sent to CHAMBERS in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a(5).

199.    The Chambers Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

200.    On information and belief, the Chambers Letter is a mass-produced, computer-generated, form letter that is printed and mailed by REV-1 to consumers from whom it is attempting to collect a debt.

201.    At the top left of the Chambers Letter, it states, "Account of: Brenda Chambers."

202.    The second line of the top left section of the Chambers Letter states, "Client: Ministry Health Care."

203.    In the first paragraph of the Chambers Letter, goes on to state, "This account has been listed with our office for collections."

204.    The Chambers Letter fails to identify the name of the creditor to whom the debt is owed.

205.    REV-1's failure to identify the creditor in the Chambers Letter leaves the unsophisticated consumer in doubt about to whom the alleged debt is owed and if it is legitimate.

206.    REV-1's failure to identify the creditor is false, deceptive, and misleading in violation of the FDCPA.

## V.  POLICIES AND PRACTICES COMPLAINED OF

207.    It is REV-1's policy and practice to mail written collection communications to consumers, in the forms attached as ***Exhibits A through J***, which violate the FDCPA by, *inter alia*, failing to identify the name of the creditor to whom the debt is owed.

208.    On information and belief, REV-1's written communications to consumers, in the forms attached as ***Exhibits A through J***, as alleged in this complaint under the Facts Concerning Plaintiff, number in at least the hundreds.

## VI.  CLASS ALLEGATIONS

209.    This action is brought as a class action. Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

210.    Plaintiffs seek to certify one class.

211.    With respect to the Class, this claim is brought on behalf of a class of all persons with addresses in the State of Wisconsin, to whom REV-1 mailed a written collection communication, which failed to identify the name of the creditor to whom the debt is owed, during the period beginning one year prior to the filing of this complaint and ending 21 days thereafter.

212.    The identities of all class members are readily ascertainable from the business records of REV-1 and those businesses and governmental entities on whose behalf it attempts to collect debts.

213.    Excluded from the Class are REV-1 and all officers, members, partners, managers, directors, and employees of REV-1 and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

214.    There are questions of law and fact common to the Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether REV-1's written communications to consumers, in the forms attached hereto as **Exhibits A through J**, violate 15 U.S.C. §§ 1692e, and 1692g(a)(2).

215.    Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

216.    Plaintiffs will fairly and adequately protect the interests of the Class defined in this complaint. Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

217.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)    **Numerosity:** Plaintiffs are informed and believe, and on that basis allege, the Class defined above is so numerous that joinder of all members would be impractical.

(b)    **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. With respect to the Class, the principal issues are whether REV-1's written

communications to consumers, in the forms attached hereto as ***Exhibits A through J***, violate 15 U.S.C. §§ 1692e and 1692g(a)(2).

(c) **<u>Typicality:</u>** Plaintiffs' claims are typical of the claims of the class members. Plaintiffs and all members of the Class have claims arising from REV-1's common course of conduct complained of herein.

(d) **<u>Adequacy:</u>** Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are averse to absent class members. Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiffs nor their counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

218. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

219. Based on discovery and further investigation (including, but not limited to, Defendants' disclosure of class size and net worth), Plaintiffs may, in addition to moving for

23

class certification using modified definitions of the Class, Class Claims, and the class period, seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

## VII.  FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## (AGAINST ALL DEFENDANTS)

220.     Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs of this Complaint.

221.     REV-1 violated the FDCPA. REV-1's violations with respect to its written communications, in the forms attached as *Exhibits A through J* include, but are not limited to, the following:

> (a)     Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e; and

> (b)     Failing to identify the name of the creditor to whom the debt is owed in violation of 15 U.S.C. § 1692g(a)(2).

## VIII.  PRAYER FOR RELIEF

222.     WHEREFORE, Plaintiffs respectfully request the Court enter judgment in their favor and in favor of the Class as follows:

**A.**     **For the FIRST CAUSE OF ACTION**:

> (i)     An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiffs Amanda C. Doty, Catherine A. Kreger, Thomas L. Riehle, Paul R. Neubert, Kelly B. Betow, Bruce M. Long, George J. Zettler, Karen K. Zettler, Michael J. Rosenberg, Brenda J. Chambers and the undersigned counsel to represent the Class set forth and defined above;

(ii)    An award of statutory damages for Plaintiffs Amanda C. Doty, Catherine A. Kreger, Thomas L. Riehle, Paul R. Neubert, Kelly B. Betow, Bruce M. Long, George J. Zettler, Karen K. Zettler, Michael J. Rosenberg, Brenda Chambers and the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(iii)   An incentive award in favor of Plaintiffs Amanda C. Doty, Catherine A. Kreger, Thomas L. Riehle, Paul R. Neubert, Kelly B. Betow, Bruce M. Long, George J. Zettler, Karen K. Zettler, Michael J. Rosenberg and Brenda J. Chambers in recognition for their services on behalf of the Class, as set forth and defined above, and as determined by the Court;

(iv)    Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(v)     For such other and further relief as may be just and proper.

## IX. JURY DEMAND

Plaintiffs hereby demand that this case be tried before a Jury.

Respectfully submitted this 11th Day of December 2017

*s/* Daniel A. Edelman

Daniel A. Edelman (IL Bar # 6272313)
Francis R. Greene (IL Bar #00712094)
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603
Telephone: (312) 917-4500
Facsimile:  (312) 419-0379
E-Mail: dedelman@edcombs.com
E-Mail: fgreene@edcombs.com

Philip D. Stern (NJ Bar # 045921984)
Andrew T. Thomasson (NJ Bar # 048362011)
Heather B. Jones (WI Bar # 1102133)
STERN•THOMASSON LLP
150 Morris Avenue, 2nd Floor
Springfield, NJ 07081-1315
Telephone: (973) 379-7500
Facsimile:  (973) 532-2056
E-Mail: philip@sternthomasson.com
E-Mail: andrew@sternthomasson.com
E-Mail: heather@sternthomasson.com

*Attorneys for Plaintiffs and all others similarly
situated*