**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**
**GREEN BAY DIVISION**

| | |
|---|---|
| AMANDA DOTY, et al. )<br><br> )<br>          Plaintiffs, )<br><br> )<br><br> )<br>    *vs.* )<br><br> )<br><br> )<br><br> )<br>REV-1 SOLUTIONS, LLC, )<br><br> )<br>        Defendant. ) | Case No.: 1:17-cv-01723-WCG |

## STIPULATED PROTECTIVE ORDER

### I.      INTRODUCTION

The parties, by their undersigned counsel, hereby stipulate to the following Protective Order.

### II.      CONFIDENTIALITY OF MATERIALS

A.      Designation of confidential information must be made by placing or affixing on the document in a manner that will not interfere with its legibility the word "CONFIDENTIAL." One who provides materials may designate it as "CONFIDENTIAL" only when the person in good faith believes it contains trade secrets or nonpublic technical, commercial, financial, personal, or business information. Except for documents produced for inspection at the party's facilities, the designation of confidential information must be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential

after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

B.       Portions of depositions of a party's present and former officer, directors, employees, agents, experts, and representatives must be deemed confidential only if they are designated as such when the deposition is taken.

C.       Information or documents designated as confidential under this rule must not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph (D) for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals). The parties must not disclose information or documents designated as confidential to putative class members not named as plaintiffs in putative class litigation unless and until one or more classes have been certified.

D.       The parties and counsel for the parties must not disclose or permit the disclosure of any documents or information designated as confidential under this rule to any other person or entity, except that disclosures may be made in the following circumstances:

        1.       Disclosure may be made to employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this rule requiring that the documents and information be held in confidence.

        2.       Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information

was disclosed who are identified as such in writing to counsel for the other parties in advance of the disclosure of the confidential information.

3.      Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents.  Before disclosure to any such court reporter or person engaged in making photocopies of documents, such reporter or person must agree to be bound by the terms of this Rule.

4.      Disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit.  Before disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this rule requiring that the documents and information be held in confidence.

E.      Except as provided in subparagraph (D), counsel for the parties must keep all documents designated as confidential that are received under this Rule secure within their exclusive possession and must place such documents in a secure area.

F.      All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this rule, or any portion thereof, must be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

G.      To the extent that any answers to interrogatories, transcripts or depositions, responses to requests for admission, or any other papers filed or to be filed with the Court reveal or tend to reveal information claimed to be confidential, these papers or any portion thereof must

be filed under seal by the filing party with the Clerk of Court in an envelope marked "SEALED."

A reference to this rule may also be made on the envelope.

H.     Any party filing information claimed to be confidential under subsection (G) must include with that filing either:  (1) a motion to seal the materials pursuant to General L.R. 79(d); or (2) and objection to the designation of the information as confidential.  If such an objection is made, the person having designated the information as confidential may file a motion to seal under General L.R. 79(d) within 21 days of the objection.

1.     A party may challenge the designation of confidentiality by motion.  The movant must accompany such a motion with the statement required by Civil L. R. 37.  The party prevailing on any such motion is entitled to recover as motion costs its actual attorney fees and costs attributable to the motion.

2.     At the conclusion of the litigation, all materials not received in evidence and treated as confidential under this Rule must be returned to the originating party.  If the parties so stipulated, the materials may be destroyed.

STERN THOMASSON LLP

*/s/ Andrew T. Thomasson*

Andrew T. Thomasson
andrew@sternthomasson.com
150 Morris Avenue, 2nd Floor
Springfield, NJ 07081-1315
973.379.7500 (Office)
973.532.5868 (Fax)
Attorneys for Plaintiffs

CLAUSEN MILLER P.C.

*/s/ Daniel Polsby*

PAIGE M. NEEL – 6279324
pneel@clausen.com
DANIEL L. POLSBY – 6270444
dpolsby@clausen.com
10 South LaSalle Street
Chicago, Illinois 60603-1098
312.855.1010 (Office)
312.606.7777 (Fax)

PATRICK L. BREEN
pbreen@clausen.com
4650 W Spencer
Appleton, Wisconsin 54914
920.560.4658 (Office)
920.968.9650 (Fax)
Attorneys for Defendant

APPROVED AND ORDERED

Date: July 9, 2018

*/s/ William C. Griesbach*

William C. Griesbach
United States District Court Judge
Eastern District of Wisconsin