UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

AMANDA C. DOTY, et al.,

      Plaintiffs,

v.                                                                                 Case No. 17-C-1723

REV-1 SOLUTIONS LLC, et al.,

      Defendants.

## ORDER GRANTING MOTION
## TO COMPEL DISCOVERY AND FOR SANCTIONS

      This matter is before the court on Plaintiff Amanda Doty's Civil L.R. 7(h) motion to compel discovery and for sanctions pursuant to Federal Rule of Civil Procedure 37 against REV-1 Solutions LLC (REV-1). ECF No. 47. Doty seeks costs associated with the cancellation of Franic Niper's August 28, 2018 deposition and attorneys' fees for related motion practice. The court addressed the discovery issues earlier in two telephonic hearings. ECF Nos. 53, 55. For the reasons that follow, Doty's motion will be granted.

      Doty filed a motion for class certification on June 15, 2018. ECF No. 29. REV-1 filed its response on June 29, 2018, where in it relied on statements of its in-house counsel at the time, Francis Niper. ECF No. 34. After extensions of time for Doty to file a reply were granted to allow for settlement negotiations, Doty's counsel contacted REV-1's counsel on August 14, 2018, to inform him that he planned to notice Niper's deposition for August 28, 2018. Counsel for Doty explained that he intended to notice the deposition because REV-1 had not responded to settlement efforts and he needed to respond to the defendant's opposition to Doty's motion for class

certification. Counsel also advised that he would not agree to cancel the deposition unless the case was settled beforehand.

On August 15, 2018, Doty served REV-1 with a Notice of Deposition for Francis Niper, and scheduled the deposition to take place at REV-1's offices in Greenwood, Indiana at 1:00 p.m. on Tuesday, August 28, 2018. On Sunday, August 26, 2018, Doty's counsel flew out to Indiana in preparation for the deposition that would take place Tuesday. He elected to fly on Sunday so as not to lose a full working day on Monday. On Monday afternoon, less than 24 hours before the deposition, REV-1's counsel informed Doty's counsel that Niper would not be available for the deposition at the noticed time because he had to be in court that day. REV-1's counsel offered to reschedule the deposition to August 29, 2018. Although REV-1's counsel knew Doty's counsel would be unavailable because he had a previously scheduled deposition in Green Bay, Wisconsin, Doty's counsel—who is also the counsel for the defendant in that matter—offered to reschedule that deposition. Doty did not reschedule, and filed this motion on October 8, 2018. Of note, it appears that Niper is no longer employed by REV-1 as of around October 3, 2018.

Under Federal Rule of Civil Procedure 37(d)(1)(A)(k), the court may order sanctions where a party "fails, after being served with proper notice, to appear for that person's deposition." "Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(I)-(vi)." Fed. R. Civ. P. 37(d)(3). "Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorneys' fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id.*

2

Here, REV-1's failure to notify Doty that Niper would not be available for the noticed deposition warrants the award of costs associated with the deposition to Doty. While confirming a date prior to issuing notice is common practice, it is not required by the rules and Doty provided REV-1 with enough time to confer with Niper regarding his availability and inform Doty if he would be unavailable on that date prior to the day before the deposition. This is especially true given the distance counsel was to travel in order to conduct the deposition. Counsel for Doty was also not required to rearrange his schedule at the last minute to accommodate REV-1's failure to produce its witness for a properly noticed deposition. Given the continued communication issues between REV-1 and its counsel, evidenced by REV-1's failure to inform Doty that Niper is no longer employed by the company until two weeks after he departed, and REV-1's failure to notify Doty of Niper's unavailability until less than 24 hours before a noticed deposition, ordering REV-1 to compensate Doty for the costs of travel and deposition-related expenses is an appropriate sanction.

Awarding attorneys' fees to Doty for the filing of her motion is also warranted. Rule 37(a)(5)(A) requires that the court order payment of expenses, including reasonable attorneys' fees, when it grants such a motion to compel. Due to the cancellation of the deposition, Doty was required to seek an extension of the time within which to file her reply to REV-1's opposition to her motion for class certification. Rather than risk another last minute cancellation, counsel for Doty chose to seek sanctions and an order compelling REV-1 to produce its sole witness on the issues before the court. The need was compounded when both the court and counsel belatedly learned that Niper was no longer even employed by REV-1 and would not be produced in any event.

For the aforementioned reasons, Doty's Motion to Compel Discovery and Sanctions (ECF No. 47) is **GRANTED**. REV-1 is ordered to pay Doty reasonable expenses, including attorneys' fees, incurred as a result of the late cancellation of the August 28 deposition of Mr. Niper and in connection with its motion to compel. The parties are directed to use their best efforts to agree to a reasonable amount to compensate Doty for its expenses. If such efforts fail, Doty may file a motion seeking costs.

**SO ORDERED** this  23rd  day of October, 2018.

s/ William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court